UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY TODD BLACKWELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:07CV1864 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Jeffrey Todd Blackwell to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Also before the Court is the movant's motion for discovery.

On December 12, 1997, movant plead guilty to selling and distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g) and 924(a)(2). Movant was sentenced to 295 months imprisonment. The United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. United States v. Blackwell, No. 98-1031 (Oct. 8, 1998).

The Court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, which this Court denied on the merits on March 28, 2003. See Blackwell v. United States, No. 4:99CV1687 CAS (E.D. Mo). The Eighth

Circuit denied movant's application for a certificate of appealability and dismissed the appeal. Blackwell v. United States, No. 01-2226 (Feb. 20, 2004).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks. Rather than dismiss this action, the Court will deny movant relief, without prejudice, and transfer the motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339 (10th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).[1]

---

[1]The Court notes that after the dismissal of his original motion to vacate, movant filed two other successive actions challenging his conviction under § 2255. Movant filed the first action on June 21, 2005 and the second action on August 7, 2006. See Blackwell v. United States, No. 4:05CV984 CDP (E.D. Mo.); Blackwell v. United States, No. 4:06CV1177 CDP (E.D. Mo.) Both actions were

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, without prejudice, because he did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court.

**IT IS FURTHER ORDERED** that movant's motion for discovery is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant action to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this 27th day of November, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

transferred to the Eighth Circuit Court of Appeals as successive § 2255 actions. In both cases, the Eighth Circuit denied movant's applications for authorization to file a successive habeas action. See Blackwell v. United States, No. 05-3491 (8th Cir. November 25, 2005); Blackwell v. United States, No. 06-3441 (8th Cir. February 27, 2007).